

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,630, AP-76,631 & AP-76,632

### EX PARTE MICHAEL LEONARD CARNEY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W93-60404-J(A), W91-30195-J(A) & W91-30196-J(A)
### IN THE CRIMINAL DISTRICT COURT #3 FROM DALLAS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of burglary of a vehicle, one charge of unauthorized use of a motor vehicle, and one charge of forgery in exchange for deferred adjudication community supervision. Applicant's guilt was later adjudicated in all three cases, and he was sentenced to sixty years' imprisonment. He did not appeal his convictions.

Applicant contends, *inter alia*, that his counsel at adjudication rendered ineffective assistance

because he did not perform any independent investigation, did not call any witnesses in mitigation of Applicant's punishment, and did not advise Applicant of his right to present evidence in mitigation of punishment.

After holding a live hearing and considering testimony and evidence, the trial court has determined that adjudication counsel was ineffective in that counsel failed to investigate and present testimony and evidence in mitigation of punishment at adjudication, and that such ineffective representation prejudiced Applicant. Relief is granted. The sentences in Cause Nos. W93-60404-J(A), W91-30195-J(A) and W91-30196-J(A) in the Criminal District Court #3 of Dallas County are set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County so that a new punishment hearing can be conducted. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Delivered: September 14, 2011
Do Not Publish